The document below is hereby signed.

Signed: June 12, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARY LOTTO ROSS, | ) | Case No. 13-00369 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING EMERGENCY MOTION
OF THE COLUMBIA BANK FOR RELIEF FROM THE AUTOMATIC
<u>STAY AS TO 1808 NEW HAMPSHIRE AVE., NW, WASHINGTON, D.C.</u>

The court held a hearing this date on the *Emergency Motion of the Columbia Bank for Relief from the Automatic Stay AS to 1808 New Hampshire Ave., Northwest, Washington, D.C.* At the hearing, the court inquired how there could be any lack of equity in the property even if the Bank of America's lien had increased to, say, $1,200,000 (a higher amount than would be expected) versus the $803,217 it claimed to be owed as of the commencement of the debtor's spouse's case on October 11, 2011. Adding $1,200,000 to Columbia Bank's liens, that would still leave equity based on the alleged appraised value of $4,000,000. Columbia Bank indicated that it was relying on bad faith, and not lack of equity, in seeking emergency relief from the automatic

stay.

    The debtor's spouse filed a prior bankruptcy case in which a deadline for selling the property at issue was set, after which foreclosure could ensue, but this is the debtor's case, not her spouse's, and she is entitled to protect her own interests. Columbia Bank does not allege that she agreed that her husband's opportunity to sell the property (with her joining in the sale) was to be treated as her only opportunity to sell the property. If there is equity in the property, her filing is not bad faith.

    Even if (based on facts not pled in Columbia Bank's motion) there was bad faith despite the existence of equity in the property, the result of there being equity in the property is that there can hardly be immediate and irreparable injury to Columbia Bank (as required by Fed. R. Bankr. P. 4001(a)(2) for obtaining *ex parte* relief from the automatic stay), and thus no emergency, if the foreclosure sale is temporarily delayed by reason of the automatic stay.

    Moreover, if there is equity in the property, the unsecured creditors of the debtor's estate have an interest in a trustee (or a debtor in possession) selling the property at issue, and any relief from the stay based on bad faith should be granted only after they have had a chance to be heard (as recognized by Fed. R. Bankr. P. 4001(a)(1) in requiring service on the twenty largest unsecured creditors of any motion for relief from the

automatic stay).

At the hearing, the debtor's counsel established that Columbia Bank had not served the *Emergency Motion* on the debtor and the other entities listed in Rule 4001(a)(1) as required recipients of a motion for relief from the automatic stay. That is another basis for denying the *Emergency Motion*. Although Columbia Bank mailed a copy to the debtor's counsel and alerted him that the motion had been filed, that would not constitute valid service on the debtor under Fed. R. Bankr. P. 7004 (made applicable by Fed. R. Bankr. P. 9014) if service on the debtor was required. It is not clear whether Rule 4001(a)(2), dealing with *ex parte* relief from the automatic stay, requires service of a Rule 4001(a)(2) motion on the entities specified by Rule 4001(a)(1) as the entities to be served a motion for relief from the automatic stay. But even if a matter is heard *ex parte* under Rule 4001(a)(2), it makes sense that the motion seeking such relief ought to be served on the entities listed in Rule 4001(a)(1) so that they become aware of the motion, even if it is not possible to assure receipt of notice of the motion before the court is asked to act on it. Nevertheless, an argument exists to the contrary. Rule 9013 excepts from the requirement of service of a motion on the debtor in possession any motion "which may be considered ex parte." But that seems to address motions that for some reason ought not be immediately announced to the opposing

party (*e.g.*, where there is some threat of the opposing party acting adversely, such as carrying out an intention to destroy evidence, if it becomes aware of the motion). Here, there was no reason to keep the pendency of the motion hidden from the debtor and the other entities listed in Rule 4001(a)(1).

It is

ORDERED that the *Emergency Motion of the Columbia Bank for Relief from the Automatic Stay AS to 1808 New Hampshire Ave., Northwest, Washington, D.C.* is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification.